UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Aaron Craig | Lawrence Silverman |
| Joseph Akrotirianakis | |

**Proceedings:** PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN AFFIRMATIVE DEFENSES (Dkt. [ 57 ], filed December 17, 2019)

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
(Dkt. [ 58 ], filed December 17, 2019)

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
(Dkt. [ 61 ], filed December 23, 2019)

## I. INTRODUCTION AND BACKGROUND

Plaintiff Hope Medical Enterprises, Inc., d/b/a/ Hope Pharmaceuticals ("Hope") filed this action against defendants Fagron Compounding Services, LLC ("Fagron"), JCB Laboratories, LLC ("JCB"), AnazaoHealth Corporation ("AnazaoHealth"), and Coast Quality Pharmacy, LLC ("Coast") (collectively, "defendants") on September 6, 2019. Dkt. 1. Hope filed its operative first amended complaint on November 12, 2019. Dkt. 47 ("FAC"). The FAC asserts claims for: (1) violation of California's Unfair Competition Law ("UCL"); (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (3) violation of the Tennessee's Consumer Protection Act ("TCPA"); (4) violation of South Carolina's Unfair Trade Practices Act ("SCUTPA"); and (5) violation of Connecticut's Unfair Trade Practices Act ("CUTPA"). Id.

Hope is a pharmaceutical company which markets and sells Sodium Thiosfulfate Injection and Sodium Nitrite Injection. FAC ¶ 26. Hope sells its Sodium Thiosulfate Injection to medical facilities and other customers located in states including California,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Florida, South Carolina, Tennessee, and Connecticut. Id. ¶ 27. Hope's Sodium Thiosulfate Injection and Sodium Nitrite Injection are used to treat acute cyanide poisoning that is judged to be serious or life-threatening. FAC ¶ 38. Hope is the exclusive supplier of Sodium Thiosulfate Injection in the United States that has approval from the Food and Drug Administration ("the FDA"). Id. ¶ 26. The active ingredient in Hope's Sodium Thiosulfate Injection is bulk sodium thiosulfate pentahydrate ("bulk sodium thiosulfate"). Id. ¶ 28. According to Hope, Hope "is the only supplier of bulk sodium thiosulfate that has been approved by the FDA for use as an active ingredient in medications that are intended for administration to humans." Id. ¶ 43.

Hope alleges that Fagron and JCB own "outsourcing facilities" located in Wichita, Kansas, that AnazaoHealth owns an "outsourcing facility" in Las Vegas, Nevada, and that Coast owns and operates a "compounding pharmacy" located in Tampa, Florida. FAC ¶ 14. According to Hope, "[d]efendants are under common ownership and control and work closely together. All [d]efendants are owned either directly or indirectly by Fagron BV, a company registered in Belgium, and/or its affiliate, Fagron NV, a company registered and headquartered in the Netherlands." Id. ¶ 13.

At issue in this case are defendants' alleged "compounding" practices. "Compounding" refers to the "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient." FAC ¶ 12. Hope contends that "[c]ompounding is typically appropriate when the medical needs of an individual patient cannot be met by a commercially available, approved medication." Id. ¶ 18. Thus, "[i]f a patient has an allergy and needs a medication to be made without a certain dye, . . . compounding may be appropriate." Id. Similarly, compounding may be warranted "if an elderly patient or a child cannot swallow a pill and needs a medicine in liquid form that is commercially available only in tablet form[.]" Id.

"To preserve traditional compounding as a way to treat patients whose needs cannot be met by commercially available, approved drugs, state and federal law permit compounded drugs, in limited circumstances, to forgo approval by state health departments or [the] FDA." FAC ¶ 18. However, according to Hope, "[u]nlike Hope and other law-abiding pharmaceutical manufacturers, [d]efendants falsely claim to be engaged in compounding and thus to be exempt from state and federal approval requirements." Id. ¶ 21. Hope alleges that defendants' "[i]gnoring drug-approval requirements provides . . . an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

unfair competitive advantage" in that defendants have been able to bypass the "time-consuming and very costly" processes of "[t]esting new drugs and obtaining the legally required regulatory approval[.]" FAC ¶ 16. Thus, defendants' conduct has allowed them to "profit[] at the expense of public health" and has "deprived [Hope] of money or property . . . in the forum of the sales and market share that have been diverted from Hope to [d]efendants." Id. ¶¶ 21, 96. That is because, according to Hope, "the demand for sodium thiosulfate is inelastic and there are no substitutes," such that "each purchase of a vial of unlawfully compounded sodium thiosulfate from [d]efendants would have been a purchase of a vial of Hope's FDA-approved Sodium Thiosulfate Injection for [d]efendants' unlawful and unfair competition." Id. ¶ 96.

Defendants filed an answer on October 15, 2019, dkt. 35, and the operative first amended answer on November 26, 2019, dkt. 51 ("Answ."). According to defendants, the FDA "added Sodium Thiosulfate to its Category 1 List on October 30, 2019," meaning that defendants "can produce Sodium Thiosulfate as an outsourcing facility . . . pursuant to the FDA's interim policy, under which the FDA has advised it will take no action against outsourcing facilities compounding drugs on the FDA's Category 1 List." Id. ¶ 1. Defendants further "deny that it is unlawful to compound and sell Sodium Thiosulfate *without potassium*, in order to provide essential care to dialysis patients, who would otherwise be exposed to the unnecessary risk of adverse consequences from potassium accumulation from Hope's product." Id. (emphasis added). Defendants assert the following defenses: (1) waiver, acquiescence, and estoppel; (2) laches; (3) failure to mitigate; (4) unclean hands; (5) acts of plaintiff; (6) actions of others; (7) lack of standing; and (8) FDA Authority. See generally id.

On December 17, 2019, Hope filed a motion to strike a number of the affirmative defenses in defendants' answer or, in the alternative, for judgment on the pleadings as to several of those defenses. Dkt. 57 ("Mot."). Defendants filed an opposition on December 23, 2019. Dkt. 60 ("Opp."). Hope filed a reply on December 30, 2019. Dkt. 64 ("Reply").

The Court held a hearing on January 13, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings Pursuant to Rule 12(b)(6)

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

### B. Motion to Strike Pursuant to Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense." See, e.g., Vogel v. Linden Optometry APC, No. 2:13-cv-00295-GAF-SH, 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being plead," and "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (internal citations omitted). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits." Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc., No. 8:17-cv-01613-CJC-DFM, 2018 WL 4944224, at *1 (C.D. Cal. Mar. 9, 2018). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

## III. DISCUSSION

### A. Defendants' Fourth, Fifth, and Seventh Affirmative Defenses

#### 1. Motion to Strike

Hope moves to strike defendants' fourth, fifth, and seventh affirmative defenses, unclean hands, acts of plaintiff, and lack of standing, because, according to Hope, "each of these defenses is based on the premise that Hope's filling unsolicited orders for its Sodium Thiosulfate Injection that were issued by dialysis clinics in response to prescriptions written by doctors at those clinics is somehow improper, illegal, or deprives Hope of standing, because Hope's drug has been approved only for the treatment of cyanide poisoning." Mot. at 1. Hope contends that "[t]here is nothing improper or illegal about doctors prescribing Hope's drugs for an 'off-label' use" such that these defenses "should be stricken because they are legally insufficient."[1] Id.

"Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmatives defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit." Schwarz v. Meinberg, No. 2:13-cv-00356-BRO-PLA, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016). "Within this district, the majority of courts to address the issue have applied the fair notice standard." See id. (collecting cases). "The

---

[1] Hope requests that the Court take judicial notice of an article on the FDA's website that indicates "[f]rom the FDA perspective, once the FDA approves a drug, healthcare providers generally may prescribe the drug for an unapproved use when they judge that it is medically appropriate for a patient." Dkt. 58. Because the Court does not rely on the article, the Court **DENIES** Hope's request as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

standard only necessitates describing the defense in 'general terms,' and 'a detailed statement of facts is not required.'" Rosen v. Masterpiece Mktg. Grp., LLC, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal citation omitted).

Here, Hope contends that defendants' unclean hands, acts of plaintiff, and lack of standing defenses "lack merit under the facts alleged and are therefore legally insufficient." Mot. at 5. Hope then proceeds to attack the legal merits of each defense. See id. at 6–10. Hope's arguments regarding each of these affirmative defenses necessarily demonstrates that Hope has "fair notice" of each defense, which is all that is required. See Goldsby v. City of Henderson Police Dep't, No. 2:18-cv-01912-GMN-VCF, 2019 WL 5963996, at *3 (D. Nev. Nov. 13, 2019) ("Plaintiff asks the Court to strike . . . defendants' affirmative defenses: for each affirmative defense, he argues the facts of his case to show why each defense will ultimately fail. Plaintiff's detailed factual arguments regarding each affirmative defense illustrates that plaintiff has fair notice of each defense, as required by Rule 8(c)."). Accordingly, the Court declines to strike defendants' fourth, fifth, and seventh affirmative defenses as legally insufficient.[2]

### 2. Motion for Judgment on the Pleadings

In the alternative, Hope moves for judgment on the pleadings as to defendants' fourth, fifth, and seventh affirmative defenses, unclean hands, acts of plaintiff, and lack of standing. Mot. at 1. According to Hope, "[t]hese three defenses are premised on a legally baseless claim that [Hope] is not allowed to fill unsolicited orders from dialysis clinics that

---

[2] Hope also contends that "[i]n discovery in this action, [d]efendants served massively broad requests for production" and that defendants have "justified a number of those requests as being relevant to the affirmative defenses hereby challenged." Mot. at 1. Hope therefore argues that an order striking these defenses "is needed to keep the parties' discovery efforts focused on those limited issues proper to the subject of the parties' claims and defenses, and to stop discovery, and, more broadly, the litigation and trial of this action, from spiraling out of control." Id. at 1–2. The Court does not find Hope's argument availing. See Harbor Breeze, 2018 WL 4944224, at *3 (denying motion to strike affirmative defenses where "[p]laintiffs indicate that some of [d]efendants' denials will lead them to expend additional efforts in discovery" because "those efforts will be minimal at best."). To the extent that defendants' discovery requests are unduly overbroad or burdensome, Hope may file a motion for a protective order or a discovery motion in accordance with the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

were placed in response to prescriptions written by doctors who want to use [Hope's] drug for a use other than that for which it was approved by [the] FDA ('off-label'). Because [Hope's] actions are 100% legal and proper, . . . [Hope] would be entitled to judgment as a matter of law with respect" to these affirmative defenses." Id. at 5–6.

"A motion for judgment on the pleadings will only be granted if there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Estate of Manstrom-Greening by & through Manstrom v. Lane Cty., 393 F. Supp. 3d 1035, 1038 (D. Or. 2019) (internal citations and quotation marks omitted). Thus, a "plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery." Qwest Commc'ns Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

Here, Hope asserts that "[d]efendants note, accurately, that [Hope's] drug has been approved by [the] FDA only for the treatment of cyanide poisoning. Defendants then make the baseless leap that the fact that [Hope] fulfills unsolicited orders placed by dialysis centers constitutes unclean hands, caused [Hope's] injuries, or robs it of standing." Mot. at 1. Hope contends, however, that it "does not promote or market to these customers or to any other customers for any off-label usage of its Sodium Thiosulfate Injection." Id. at 7–8. In response, defendants contend that "despite [Hope's] assertions that it does not promote or market to dialysis providers, there is a prominent announcement on its U.S. website (where it markets and sells sodium thiosulfate) about the orphan drug designation of its product to treat calciphylaxis." Opp. at 11. Accordingly, to the extent that the parties dispute whether Hope is engaged in the promotion or marketing of its products for off-label uses, that dispute is properly decided on a motion for summary judgment rather than on a motion for judgment on the pleadings.[3] See Blanqi, LLC v. Bao Bei Maternity, No.

---

[3] Defendants request that the Court take judicial notice of a news article allegedly from Hope's website, entitled "First Canadian Calciphylaxis Subject to Participate in the CALISTA." See Dkt. 61 ¶ 3. Defendants argue that this article demonstrates that Hope engages in "marketing or promotion for an off-label use[.]" Opp. at 11. Defendants contend that this article is the proper subject of a request for judicial notice because "[c]ourts have also taken judicial notice of a party's publicly available statements on its website when the facts are not subject to a reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

3:17-cv-05759-WHO, 2018 WL 905908, at *3 (N.D. Cal. Feb. 15, 2018) (denying motion for judgment on the pleadings because "Blanqi clearly disputes this fact. This issue should be left for summary judgment.").

During the hearing, defense counsel indicated that defendants would file an amended answer addressing the alleged pleading defects that Hope raises in its motion for judgment on the pleadings. In particular, defense counsel represented that defendants' amended answer would include additional averments regarding the bases for defendants' fourth, fifth, and seventh affirmative defenses based on unclean hands, acts of plaintiff, and lack of standing. Accordingly, the Court **GRANTS** Hope's motion for judgment on the pleadings **without prejudice**.

### B. Defendants' Third Affirmative Defense

Defendants' third affirmative defense contends that "[t]he claims made in the [FAC] are barred, in whole or in part, because of Hope's failure to mitigate damages, if such damages exist. Since the damages sought . . . have not been explained or quantified, and discovery has not yet commenced, the specific measures which could or should have been taken by Hope have not yet been identified." Answ. at 30. Accordingly, Hope argues that defendants' failure to mitigate defense should be stricken because "[d]efendants thus acknowledge that they have no facts to support this defense." Mot. at 12.

"Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic." RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Thus, "[p]roceeding with a motion to strike . . . almost inevitably is a less efficient way of moving towards a resolution on the merits." Facebook, Inc. v. ConnectU LLC, No. 07-cv-01389-RS, 2007 WL 2349324, at *1 (N.D. Cal. Aug. 14, 2007). That is because "[e]ven if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances." Id.

Here, Hope argues that "[i]f [d]efendants discover facts that would support a mitigation of damages defense, they could seek leave to amend their answer to add such a defense. As of now, however, [d]efendants should not be permitted to maintain this

---

questioned." Dkt. 61 ¶ 3. Because the Court does not rely on the article, the Court **DENIES** defendants' request for judicial notice as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

defense . . . and use it as a basis for justifying far-reaching discovery[.]" Mot. at 12. The Court notes that Hope alleges in the FAC that "[a]s a result of [d]efendants' unlawful and unfair competition, Hope has been deprived of money or property and *has suffered damages* in the form of the sales and market share that have been diverted from Hope to [d]efendants." FAC ¶ 96 (emphasis added). Accordingly, Hope's alleged damages are at issue in this case, and allowing defendants to conduct discovery on their failure to mitigate defense will not unduly "render subject matter discoverable that is not already implicated by the allegations of the complaint." Facebook, 2007 WL 2349324, at *1. To the extent the Court were inclined to strike this defense, the Court would allow defendants leave to amend their answer, possibly giving rise to further motion practice and delaying resolution of this case on the merits. See McBurney v. Lowe's Home Centers, LLC, No. 1:13-cv-00540-ELJ, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014) ("There is no practical utility in striking any of Defendants' defenses. Even if the Court was inclined to do so, it would first provide Defendants the opportunity to amend their Answers. Not only would this potentially invite another disfavored motion to strike, it would divert the parties' attention from the merits of a case that should now be well into the discovery phase.") The Court therefore declines to strike defendants' third affirmative defense on the basis that it lacks factual support.

### C. Defendants' Sixth Affirmative Defense

Defendants' sixth affirmative defense, based on "actions of others," asserts that the claims in Hope's FAC "are barred, in whole or in part, because [d]efendants are not liable for the acts of others over whom they have no control, including medical providers who decide to purchase Sodium Thiosulfate from [d]efendants to avoid any unnecessary risk to their patients from Hope's Sodium Thiosulfate, and participants in Hope's clinical study who use [defendants'] Sodium Thiosulfate instead of Hope's product for treatment." Answ. at 30–31. According to Hope, defendants' actions of others defense "is an attack on the merits of plaintiff's *prima facie* case (i.e. whether [defendants are] the cause of the injuries [Hope] has suffered), not an affirmative defense, and it should be stricken without leave to amend." Mot. at 11.

The Court finds instructive Perez v. Nuzon Corp., No. 16-cv-00363-CJC-KES, 2016 WL 11002544 (C.D. Cal. June 6, 2016). There, the plaintiff moved to strike certain affirmative defenses asserted in the defendants' answer on the grounds that "many of the asserted 'affirmative defenses' are not actually affirmative defenses at all, but rather negative defenses to elements of the [plaintiff's] claims against [d]efendants." Id. at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

The court acknowledged that "[t]he [plaintiff] is correct that some of [d]efendants' affirmative defenses are not affirmative defenses at all: instead they go to the merits of this dispute or constitute negative defenses to elements of the [plaintiff's] claims rather than affirmative defenses to liability." Id. at *3. The court determined, however, that "going through the answering pleadings line-by-line to excise the imperfect portions would be a pointless exercise. Defendants would be granted leave to amend, and in any case, the parties' disputes over the merits of the [plaintiff's claims' are going to get litigated at *some* point, so there is little harm in having [d]efendants' positions on those claims in the pleadings." Id. (emphasis in original).

Here, the Court concludes that striking defendants' acts of others defense will not "serve the stated purpose of motions to strike: to streamline a judge's inquiry by focusing his or her attention on only the real issues in the case." Perez, 2016 WL 11002544, at *2 (internal citation and quotation marks omitted). The Court therefore declines to strike defendants' acts of others defense on this basis.

## IV. CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **DENIES** Hope's motion to strike defendants' fourth, fifth, and seventh affirmative defenses;

2. The Court **GRANTS** Hope's motion for judgment on the pleadings as to defendants' fourth, fifth, and seventh affirmative defenses **without prejudice**;

3. The Court **DENIES** Hope's motion to strike defendants' third affirmative defense; and

4. The Court **DENIES** Hope's motion to strike defendants' sixth affirmative defense.

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07748-CAS(PLAx) | Date | January 13, 2020 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

5.     The Court **DENIES** Hope's request for judicial notice as moot.

6.     The Court **DENIES** defendants' request for judicial notice as moot.

Defendants shall file an amended answer within **fourteen (14) days**.

IT IS SO ORDERED.

                                                                          00 : 16

Initials of Preparer            CMJ