UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Aaron Craig | Ellen Robbins |
| Joseph Akrotirianakis | Sherylle Francis |

**Proceedings:** DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) (Dkt. 227, filed on February 12, 2021)

[UNDER SEAL] – PLAINTIFF'S MOTION (1) TO MODIFY SCHEDULING ORDER TO PERMIT TAKING OF, AND (2) TO COMPEL DEPOSITIONS OF KEIOLA PETERSON, PHU PHAM, TAMEKKA GRANT, VERONICA GWINUP, AND THE FURTHER DEPOSITION OF FAGRON COMPOUNDING SERVICES, LLC (Dkt. 230, filed on February 19, 2021)

## I.   INTRODUCTION

Before the Court is defendants' motion, filed on February 12, 2021, to certify for interlocutory appeal the Court's January 25, 2021 order pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"). Dkt. 227 ("Mot. for Appeal"). Plaintiff opposed on February 22, 2021. Dkt. 237 ("Opp. to Mot. for Appeal"). Defendants replied on February 26, 2021. Dkt. 243.

Also before the Court is plaintiff's motion to modify the scheduling order and requesting such relief as is necessary for plaintiff to conduct several additional depositions, filed on February 19, 2021. Dkt. 230. The parties included a joint stipulation with the motion. Dkt. 230-1. On March 1, 2021, defendants filed a supplemental memorandum in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

opposition to the joint stipulation. Dkt. 244. And on March 8, 2021, Hope filed a supplemental memorandum in support of its motion. Dkt. 249.[1]

**II.   BACKGROUND**

The Court previously set out the factual and procedural background of this case in its prior orders. For that reason, the Court only sets forth those facts necessary to resolve the parties' present motions.

On September 6, 2019, plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope") filed suit in this Court against defendants Fagron Compounding Services, LLC, JCB Laboratories, LLC, AnazaoHealth Corporation, and Coast Quality Pharmacy, LLC (collectively, "defendants"). Dkt. 1 ("Compl."). Hope's allegations involve defendants' compounded sodium thiosulfate drug, which is identical to Hope's Sodium Thiosulfate Injection, except that it does not contain potassium. Defendants compound their drug in one compounding pharmacy operated pursuant to Section 503A of the Food, Drug and Cosmetics Act ("FDCA"), 21 U.S.C. § 353a ("Section 503A"); and two outsourcing facilities operated pursuant to Section 503B of the FDCA, 21 U.S.C. § 353b ("Section 503B"). Defendants sell their compounded sodium thiosulfate drug nationwide, including into the five states at issue here: California, Connecticut, Florida, South Carolina and Tennessee.

Hope filed the operative first amended complaint on November 12, 2019. Dkt. 47 ("FAC"). The FAC asserts claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.* ("FDUTPA"); (3) violation of Tennessee's Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b)(44)(C) ("TCPA"); (4) violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 ("SCUTPA"); and (5) violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. St. § 42-110b ("CUTPA"). See generally FAC.

---

[1] Hope filed a request for judicial notice, dkt. 252, which defendants opposed, dkt. 253. The Court does not decide the issue as it is unnecessary to the Court's conclusion herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Hope's unfair competition claims are based on its allegation that defendants' practices violate both Section 503A and 503B of the FDCA. Importantly, Hope argues that these violations also violate state-law parallels to the FDCA, namely, (1) California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 111550 ("Sherman Law"); (2) Florida's Drug and Cosmetic Act, Fla. Stat. Ann. § 499.001, et seq.; (3) Tennessee's Food, Drug and Cosmetic Act, Tenn. Code Ann. § 53-1-101, et seq.; and (4) South Carolina's Drug Act, S.C. Code Ann. § 39-23-70.[2]

Hope filed a motion for a preliminary injunction on June 1, 2020, dkt. 105 ("PI Mot."), which the Court granted in part on July 7, 2020, dkt. 141 ("PI Ord."). In granting Hope's preliminary injunction, the Court found, in part, that Hope's state-law claims were not preempted by the FDCA. PI Ord. at 23. Specifically, the Court found that "it appears that the FDCA does not preempt state-law, consumer protection claims based on alleged violations of the FDCA where there is a parallel state law that renders the same noncompliant conduct independently unlawful." Id. (citing Farm Raised Salmon Cases, 42 Cal. 4th 1077, 1091 n.13, 1094 (2008)). The Court relied on Allergan, Inc. v. Athena Cosmetics, Inc., 738 F.3d 1350 (Fed. Cir. 2013), where the Federal Circuit concluded "that the FDCA [did] not impliedly pre-empt [Allergan's] UCL claim," which was premised on the Sherman Law,[3] because the Sherman Law "incorporates various provisions of the FDCA, which does not itself allow a private right of action." Id. at 1354; see also Allergan USA, Inc. v. Imprimis Pharm., Inc., No. 8:17-cv-01551-DOC-JDE, 2019 WL 4545960 (C.D. Cal. Mar. 27, 2019). The Court reasoned that this conclusion was in keeping with the leading cases on the issue of FDCA preemption: Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001), and Perez v. Nidek Co., 711 F.3d 1109 (9th Cir. 2013). These cases stand for the proposition that a plaintiff's claims must thread a "narrow gap …

---

[2] Hope's FAC does not identify a Connecticut state-law parallel to the FDCA, but rather relies solely on the state's unfair competition law.

[3] California's Sherman law provides that "'no person shall sell, deliver, or give away any new drug' that has not been approved by the California Department of Human Services or the FDA." Allergan USA Inc. v. Imprimis Pharm., Inc., No. 8:17-CV-01551-DOC-JDE, 2019 WL 3029114, at *6 (C.D. Cal. July 11, 2019) (quoting Cal. Health & Safety Code § 111550(a)–(b)). And, "[i]t follows that failure to comply with the FDCA … affronts" the Sherman Law. Id. at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

to escape preemption by the FDCA: The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted by § 360k(a)), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under Buckman)." Perez, 711 F.3d at 1120 (emphasis in original) (quotation omitted).

On November 2, 2020, Hope filed a motion for summary judgment, and a motion for contempt. Dkts. 151 ("MSJ"), 153 ("Mot. for Contempt"). On November 23, 2020, defendants opposed the motion and filed a cross-motion for summary judgment. Dkt. 178. On November 24, 2020, defendants filed a combined opposition and a motion for reconsideration of the preliminary injunction. Dkt. 183. On January 25, 2021, the Court issued an order (1) denying Hope's motion for summary judgment, (2) reserving judgment on Hope's motion for contempt until trial, (3) denying defendants' motion for reconsideration, and (4) denying defendants' cross-motion for summary judgment. Dkt. 225 ("Jan. 25, 2021 Ord.").

On February 12, 2021, defendants filed the instant motion to certify the Court's January 25, 2021 Order for interlocutory appeal pursuant Section 1292(b). Dkt. 227 ("Mot. for Appeal"). Defendants request certification of the following question for appeal:

> Are the Plaintiff's claims that Defendants violated California's Unfair Competition Law ("UCL"), Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Tennessee's Consumer Protection Act ("TCPA"), South Carolina's Unfair Trade Practices Act ("SCUTPA"), and Connecticut's Unfair Trade Practices Act ("CUTPA") impliedly preempted by the Federal Food, Drug & Cosmetic Act ("FDCA") where the Plaintiff's claims are based on violations of the FDCA?

Id. at 1.

On February 23, 2021, defendants filed a notice of appeal to the Ninth Circuit Court of Appeals, appealing this Court's January 25, 2021 Order, specifically, this Court's decision in that order not to dissolve the preliminary injunction it had previously issued. Dkt. 238 ("Not. of Appeal").

On March 3, 2021, the Ninth Circuit heard oral argument in a different but similar case, Somers v. Beiersdorf, Inc., 467 F. Supp. 3d 934 (S.D. Cal. 2020) ("Somers"). In Somers, plaintiff brought suit against the defendant, Beiersdorf, alleging that Beiersdorf

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

had sold a drug—a face lotion—without FDA approval. Id. at 935. Plaintiff claimed that this violation of the FDCA constituted a violation of the Sherman Law, which in turn constituted a violation of the UCL. Id. at 938. Beiersdorf moved for summary judgment in part on the ground that the FDCA impliedly preempted the claims at issue because, in effect, the plaintiff there was attempting to privately enforce the FDCA. Id. at 935–36. The district court agreed with Beiersdorf, finding that the plaintiff's claims failed to thread the narrow gap established by Buckman and Perez, and granted summary judgment on this issue. Id. at 937. Plaintiff there appealed, and the Ninth Circuit, in oral argument, addressed the question of whether the plaintiff's claims, based on the Sherman Law, were impliedly preempted by the FDCA. See Somers v. Beiersdorf, Inc., 9th Cir. Case No. 20-55541.

### III. LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). "The power to stay also includes the power to do so *sua sponte*." Doyle v. OneWest Bank, N.A., No. CV 13-05951 SJO (JEMx), 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015) (citations omitted). In exercising its discretion, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55 (citations omitted). Thus:

> Where it is proposed that pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighted. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting Landis, 299 U.S. at 268). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

## IV.  DISCUSSION

Defendants have appealed this Court's January 25, 2021 Order pursuant to 28 U.S.C. § 1292(a) (appeal of orders refusing to dissolve or modify injunctions), and have alternatively requested that this Court certify the matter pursuant to Section 1292(b).  Mot. for Appeal at 5.  Hope responds that the appeal is untimely because it should have been brought following the Court's grant of the preliminary injunction.[4]  Opp. to Mot. for Appeal at 2.

Insofar as defendants seek certification pursuant Section 1292(b), it appears similar issues to those presented in this case are before the Ninth Circuit in Somers.  The resolution of that appeal, therefore, may be of assistance to the Court.  Furthermore, because the preliminary injunction remains in effect in this case, the harm to Hope from a stay is minimized.  And, considering the fact that defendants have moved this Court to certify its January 25, 2021 Order for interlocutory appeal, it can be safely assumed that any harm to defendants from granting a stay is outweighed by the benefit to them.  The Court therefore determines that the better course of action is to stay this case and await guidance from a ruling in Somers.  Accordingly, pending the Ninth Circuit's ruling in Somers, the Court **DENIES** defendants' request for Section 1292(b) relief without prejudice, and stays this action for 90 days or until the Ninth Circuit has decided Somers, whichever first occurs.  If the Ninth Circuit has not rendered a decision in that case at the conclusion of 90 days, the parties should bring that fact to this Court's attention.

With regard to Hope's motion to reopen the discovery cutoff, the Court notes that it is inclined to grant the motion, but that it will reserve judgment until such time as the stay imposed herein is lifted.

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES without prejudice** defendants' motion to certify the Court's January 25, 2021 Order for interlocutory appeal,

---

[4] While it appears to the Court that an appeal of the preliminary injunction may be untimely, that matter is better decided by the Ninth Circuit, which has jurisdiction as to this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | March 15, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

and **reserves judgment** on plaintiff's motion to modify the scheduling order. The Court further **STAYS** the case as described above.

IT IS SO ORDERED.

Initials of Preparer   00 : 14   CMJ