| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Aaron Craig
Joseph Akrotirianakis

Attorneys Present for Defendants:
Ellen Robbins
Lawrence Silverman
Sherylle Francis

**Proceedings:** PLAINTIFF HOPE MEDICAL ENTERPRISES, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' JURY DEMAND (Dkt. 341, filed on June 28, 2021)

## I.  INTRODUCTION AND BACKGROUND

On September 6, 2019, plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope") filed suit in this Court against defendants Fagron Compounding Services, LLC, JCB Laboratories, LLC, AnazaoHealth Corporation, and Coast Quality Pharmacy, LLC (collectively, "defendants"). Dkt. 1 ("Compl."). The gravamen of Hope's claims is that defendants' drug compounding practices constitute unfair competition in violation of several states' consumer protection laws.

Hope filed the operative first amended complaint on November 12, 2019. Dkt. 47 ("FAC"). Hope has since filed a proposed final pretrial conference order. Dkt. 345-1 ("Pretrial Conference Ord."). The Pretrial Conference Order states that Hope alleges claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.* ("FDUTPA"); (3) violation of Tennessee's Consumer Protection Act, Tenn. Code Ann. § 47-18-104 ("TCPA"); (4) violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 ("SCUTPA"); and (5) violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. St. § 42-110b ("CUTPA"). Id. at 5.

In its FAC, Hope initially sought actual damages, injunctive relief, declaratory relief, and attorneys' fees. FAC ¶¶ 105–06, 117, 123, 129, 136–37. Hope also demanded a jury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

trial on all claims triable to a jury. Id. at 29. However, Hope has since formally abandoned its claims for actual damages and instead has limited its monetary recovery to "disgorgement of Defendants' profits." Pretrial Conference Ord. at 17; see dkt. 341-3, Declaration of Craig Sherman ¶ 5 (stating that "Hope will not in any circumstances seek at trial its own lost profits," but that "Hope reserves all rights to seek the profits earned by Defendants from their unlawful compounding").

Defendants filed their operative amended answer on January 27, 2020, in which they raised several affirmative defenses and demanded a jury trial on issues triable to a jury. Dkt. 67 ("Answer") at 30–33.

On June 28, 2021, Hope filed the instant motion to strike defendants' jury demand. Dkt. 341 ("Mot."). Defendants filed an opposition on July 6, 2021. Dkt. 348 ("Opp."). By Court order, no reply was permitted on account of the imminent trial date, which as of this order is August 31, 2021. See dkt. 342.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Pursuant to Federal Rule of Civil Procedure 39(a), after a jury trial has been demanded, all issues triable to a jury must be tried to a jury unless (1) the parties stipulate to a nonjury trial; or (2) the court, "on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(1)–(2); see Craig v. Atl. Richfield Co., 19 F.3d 472, 477 (9th Cir. 1994) ("[U]nder Rule 39(a)(2), the court may, on its own initiative, remove a case from the jury docket if it finds that the right to a jury trial did not exist under a statute or the Constitution.").

## III. DISCUSSION

As noted above, Hope demanded a jury trial in its FAC, and defendants likewise demanded a jury trial in their Answer. The question here presented is whether defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

jury demand should be stricken because only equitable claims and defenses are at issue in this case.[1]

The Seventh Amendment guarantees a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars . . . ." U.S. Const., amend. VII. "When the right to a jury trial is invoked in an action based on a statute, as is the case here, Tull v. United States . . . provides the appropriate analysis." Smith v. Barton, 914 F.2d 1330, 1337 (9th Cir. 1990) (alteration in original). Tull requires a two-pronged inquiry to determine whether a suit is one "at common law" for purposes of the Seventh Amendment. Tull v. United States, 481 U.S. 412, 417–18 (1987). First, the court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Id. at 417. Second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 417–18. The question of the nature of the remedy "is the more important in [the] analysis." Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 97 (1991).

### A. Nature of Action

As mentioned above, Hope alleges claims under the UCL, FDUTPA, TCPA, SCUTPA and CUTPA. The parties do not expressly brief the issue of whether these claims parallel any 18th-century actions at law or equity. Nevertheless, the state unfair

---

[1] Defendants argue that Hope may not seek to withdraw its own jury demand without their consent. Opp. at 3 (citing Fed. R. Civ. P. 38(d)). However, even if a jury demand has been made pursuant to Federal Rule of Civil Procedure 38, a jury trial is not required if "the Court . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Additionally, defendants argue that Hope's motion should be denied as untimely. Opp. at 1–4. However, "'a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.'" Kingsbury v. U.S. Greenfiber, LLC, No. CV 08-151 DSF (AGRx), 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013) (quoting Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 226–27 (3d Cir. 2007); Moore's Federal Practice § 39.13[2][c] (3d ed. 2013) ("Parties have a great deal of latitude on the timing of motions to strike a jury demand.")). The Court therefore declines to deny Hope's motion on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

competition laws at issue here parallel section 5(a)(1) of the Federal Trade Commission Act ("FTCA"), codified at 15 U.S.C. § 45(a)(1) ("Section 5(a)(1)"). See Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty., 9 Cal. 5th 279, 302 (2020) (UCL is "parallel" to "section 5 of the Federal Trade Commission Act" (quotation omitted)); Nelson v. Mead Johnson Nutrition Co., 270 F.R.D. 689, 692 (S.D. Fla. 2010) (courts interpreting the FDUTPA "must give 'due consideration and great weight' to Federal Trade Commission and federal court interpretations of section 5(a)(1) of the Federal Trade Commission Act . . . ." (quoting Fla. Stat. Ann. § 501.204(2)); Altruist, LLC v. Medex Patient Transp., LLC, 308 F. Supp. 3d 943, 951 (M.D. Tenn. 2018) ("[T]he TCPA . . . explicitly provides that it is to be interpreted and construed in accordance with interpretations of 15 U.S.C.A. § 45(a)(1) . . . ."); Raco Car Wash Sys., Inc. v. Smith, 730 F. Supp. 695, 705 (D.S.C. 1989) ("[The] SCUTPA is designed to emulate 15 U.S.C. § 45(a)(1) . . . ."); Tesco Enterprises, Inc. v. Fibredyne Corp., No. 2:90-cv-856 AWT, 2015 WL 788900, at *2 (D. Conn. Feb. 24, 2015) ("CUTPA was modelled after § 5(a)(1) of the Federal Trade Commission Act.").

Section 5(a)(1) of the FTCA declares unlawful any "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." The Supreme Court has held that this section extends beyond common law conceptions of unfair competition. F.T.C. v. Sperry & Hutchinson Co., 405 U.S. 233, 243 (1972) ("It would not have been a difficult feat of draftsmanship to have restricted the operation of the Trade Commission Act to those methods of competition in interstate commerce which are forbidden at common law . . . , if that had been the purpose of the legislation." (quotation omitted)). The state-law unfair competition laws at issue here, then, do not necessarily parallel a common law cause of action for unfair methods of competition. See Nationwide Biweekly, 9 Cal. 5th at 301 ("[T]he cause of action established by [the UCL] is equitable in nature."); Lankhorst v. Indep. Sav. Plan Co., No. 3:11-cv-390-J-34JRK, 2012 WL 13098680, at *3 (M.D. Fla. Feb. 23, 2012) ("[T]he FDUTPA is a statutorily created cause of action, which did not exist at common law."); Associated Inv. Co. P'ship v. Williams Assocs. IV, 230 Conn. 148, 159 (1994) ("[The CUTPA] does not bear substantial similarity to a common law action triable to a jury prior to 1818.").

This factor therefore weighs against finding a Seventh Amendment right to a jury trial on these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                              'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
| --- | --- | --- | --- |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

### B.     Nature of Remedies

Across its five claims, Hope variously seeks disgorgement of defendants' ill-gotten profits, injunctive relief, declaratory relief, and attorneys' fees.

   1.     Disgorgement of Profits

Hope seeks disgorgement of defendant's profits under its FDUTPA, TCPA, SCUTPA and CUTPA claims. Pretrial Conference Ord. at 17. Indeed, as noted, Hope has limited its monetary recovery to disgorgement of defendants' profits obtained as a result of unfair competition. Mot. at 2 ("Hope informed Defendants that it would . . . limit its monetary remedies to seeking disgorgement of Defendants' ill-gotten profits."). Hope argues that disgorgement is an equitable remedy. Id. at 5. Defendants respond that, whether or not disgorgement of profits is an equitable remedy, the only monetary relief available under the FDUTPA, TCPA and SCUTPA is actual damages, which are not equitable in nature. Opp. at 6–7, 8, 9. As such, defendants argue, to the extent Hope seeks monetary relief, its claims are not equitable and thus entitle defendants to a jury trial. Id. (Defendants do not appear to contest that disgorgement of profits is available under the CUTPA. Id. at 9–10.) Because defendants question whether the laws under which Hope brings claims in fact provide for disgorgement of ill-gotten profits, the Court turns to that question first.

   a. FDUTPA

The question of a Seventh Amendment right to a jury trial for FDUTPA claims largely hinges on the nature of the relief sought. See Lankhorst, 2012 WL 13098680, at *3–5 (no right to jury trial where only equitable relief sought). Under the FDUTPA, there are "two types of remedies: equitable relief in the form of declaratory or injunctive relief . . . or 'actual damages' . . . ." Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1357 (S.D. Fla. 1999).

Section 501.211(1) of the Florida Statutes provides that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment . . . ." Fla. Stat. Ann. § 501.211(1). The Supreme Court recently cautioned that "a provision's grant of an 'injunction' or other equitable powers does not automatically authorize a court to provide monetary relief." AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n, 141 S. Ct. 1341, 1347,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

1350 (2021) (plain meaning of "injunction" does not include equitable monetary relief). On its face, this provision does not provide for disgorgement.

Section 501.211(2) of the Florida Statutes, in turn, provides that, "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs . . . ." Fla. Stat. Ann. § 501.211(2). "Actual damages," though, "is a term of art, defined by Florida courts as 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered . . . .'" Id. (quoting Urling v. Helms Exterminators, Inc., 468 So. 2d 451, 454 (Fla. Ct. App. 1985)) (alteration in original). Although the parties have not cited and the Court has not identified any cases squarely addressing whether disgorgement of profits is recoverable as actual damages under the FDUTPA, it appears, based on the Florida courts' definition of actual damages, it is not. See id. (finding lost profits not recoverable as actual damages under FDUTPA). As such, it does not appear that disgorgement of profits obtained as a result of unfair competition is available to litigants pursuing FDUTPA claims even if it is assumed that disgorgement could be considered to be actual damages.[2]

### b. TCPA

Turning to the TCPA, the parties have not cited and the Court is not aware of any cases squarely addressing a party's Seventh Amendment right to a jury trial for TCPA claims.[3] As to the remedies available to litigants bringing TCPA claims, section 47-18-

---

[2] Hope cites to Fed. Trade Comm'n v. Vylah Tec LLC, No. 2:17-cv-228-FTM-99MRM, 2018 WL 2970962, at *7 (M.D. Fla. June 13, 2018), in which the court entertained the plaintiff's request for disgorgement of the defendant's ill-gotten monies. But this case is distinguishable because, among other things, the plaintiff did not bring claims under the FDUTPA; it brought claims under the FTCA. Id. at *5.

[3] Defendants cite to Cloud Nine, LLC v. Whaley, 650 F. Supp. 2d 789 (E.D. Tenn. 2009), for the proposition that they are entitled to a jury trial on "all disputed questions of fact on Plaintiff's claims under the TCPA." Opp. at 10. But the court in Cloud Nine, ruling on a motion for summary judgment, simply found that a *fact finder* must resolve disputed issues of fact; its finding had nothing to do with a right to a jury trial. Id. at 798.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

109 of the Tennessee Code, which provides the private right of action under the TCPA, states that "[a]ny person who suffers an ascertainable loss of money or property" as a result of a violation of the TCPA "may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). Although the Court is not aware of any cases specifically defining "actual damages" in the context of the TCPA, it does not appear, on its face, to include disgorgement.

The TCPA also provides that "anyone affected by a violation of this part may bring an action to obtain a declaratory judgment that the act or practice violates this part and to enjoin the person who has violated, is violating, or who is otherwise likely to violate this part." Tenn. Code Ann. § 47-18-109(b). However, for the reasons stated above, this provision does not appear to provide for disgorgement of profits obtained as a result of unfair competition. See AMG, 141 S. Ct. at 1347.[4]

### c. SCUTPA

Finally, the parties do not cite and the Court is not aware of any cases addressing the Seventh Amendment right to a jury trial under the SCUTPA. As to the remedies available under the statute, "[t]he [SC]UTPA allows for the recovery of actual damages." Wright v. Craft, 372 S.C. 1, 24 (Ct. App. 2006) (citation omitted). Specifically, section 39-5-140 of the Code of Laws of South Carolina states that "[a]ny person who suffers any ascertainable loss of money or property" as a result of a violation of the SCUTPA "may bring an action individually . . . to recover actual damages." S.C. Code Ann. § 39-5-140(a). Under the

---

(Defendants also cite to Lorentz v. Deardan, 834 S.W.2d 316, 320 (Tenn. Ct. App. 1992), for the proposition that "defendants have a constitutional right to have the jury decide disputed issues of fact," but the constitution referenced in Lorentz is the Tennessee constitution, which does not govern in this case, whether or not defendants' interpretation of it is accurate.)

[4] Although a court may award "other relief as it considers necessary and proper," it may only do so upon finding that the TCPA violation was willful or knowing, Tenn. Code Ann. § 47-18-109(a)(3), which Hope has not stated is an element of the TCPA claim it alleges, see Pretrial Conference Ord. at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

SCUTPA, "the term 'actual damages' . . . means common law damages, or the difference in value between that with which the plaintiff parted and that which he received," Payne v. Holiday Towers, Inc., 283 S.C. 210, 216 (Ct. App. 1984), which "include[s] compensation for all injury to plaintiff's property or business which is the natural and probable consequence of defendant's wrong,'" Collins Holding Corp. v. Defibaugh, 373 S.C. 446, 451 (Ct. App. 2007) (quoting Global Protection Corp. v. Halbersberg, 332 S.C. 149, 159 (Ct. App. 1998)). In any event, "[t]he cause of action provided by Code § 39-5-140 is in the nature of an action at law for recovery of money damages." Payne, 283 S.C. at 215. It therefore appears the equitable remedy of disgorgement is not available under the SCUTPA.[5]

In sum, it appears that disgorgement of profits obtained as a result of unfair competition is not available under the FDUTPA, TCPA or SCUTPA. However, because Hope did not have the opportunity to brief this issue, the Court invites oral argument on it. In any event, defendants appear to concede that disgorgement is available under the CUTPA. See Opp. at 9–10. As such, whether or not this remedy is available under the statutes addressed above, the Court must address the question of whether disgorgement of profits obtained as a result of unfair business practices is equitable in nature.

### d. Nature of Disgorgement

"[D]isgorgement of improper profits . . . is a remedy only for restitution . . . ." Tull, 481 U.S. at 424. And although "[t]he status of restitution as belonging to law or to equity has been ambiguous from the outset," Restatement (Third) of Restitution and Unjust Enrichment § 4(a) (2011), the Supreme Court has "invariably described restitutionary relief as 'equitable'" for Seventh Amendment purposes, Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 229 (2002) (Ginsburg, J., dissenting) (listing cases). Indeed, "an action for disgorgement of improper profits" is "traditionally considered an equitable

---

[5] As with the TCPA, a court may award "other relief as it deems necessary and proper" for willful or knowing SCUTPA violations. S.C. Code Ann. § 39-5-140(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

remedy." <u>Tull</u>, 481 U.S. at 424. Thus, to the extent disgorgement of profits is available under the statutes at issue, that remedy is equitable.[6]

    2.    <u>Additional Remedies</u>

In addition to disgorgement of ill-gotten profits, Hope seeks injunctive and declaratory relief under all five of its claims, and attorneys' fees under its UCL, FDUTPA, TCPA and SCUTPA claims. FAC ¶¶ 105–06, 117, 123, 129, 136–37. Hope argues that these are each equitable in nature. Mot. at 4, 7–8. Defendants do not appear to contest this. <u>See</u> Opp. at 4–5.

Injunctive relief and attorneys' fees are equitable remedies. <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 719 (1999) ("the Seventh Amendment does not apply in the[] context" of "suits seeking only injunctive relief" (citations omitted)); <u>Finato v. Fink</u>, 803 F. App'x 84, 89 (9th Cir. 2020) ("[T]he reasonable amount of attorneys' fees . . . is an equitable claim that does not carry a Seventh Amendment right to a jury trial." (citing <u>Hale v. U.S. Tr.</u>, 509 F.3d 1139, 1147 (9th Cir. 2007))). Furthermore, although "[d]eclaratory relief is a traditional remedy in equity," <u>United States v. Ogden</u>, No. 20-cv-01691-DMR, 2021 WL 858467, at *6 (N.D. Cal. Mar. 8, 2021) (quotation omitted), the Supreme Court has held that declaratory judgment is "neither legal nor equitable," <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 284 (1988). Thus, "[w]hether a declaratory judgment action[] entitles a party to a jury trial depends on the nature of the claim from which it arises." <u>Hynix Semiconductor Inc. v. Rambus, Inc.</u>, 527 F. Supp. 2d 1084, 1103 (N.D. Cal. 2007) (citing <u>Pacific Indem. Co. v. McDonald</u>, 107 F.2d 446, 448 (9th Cir. 1939)). Here, because the nature of each claim is equitable, as discussed above, Hope's request for declaratory judgment does not entitle defendants to a jury trial.

---

[6] Defendants cite to a line of authority distinguishing between restitutionary and non-restitutionary disgorgement for purposes of the UCL, Opp. at 5–6, but because Hope does not seek disgorgement under its UCL claim, this distinction has no bearing on the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Accordingly, because both the nature of the claims alleged and the remedies sought are equitable, Hope's claims do not give rise to a Seventh Amendment right to a jury.

### C. Nature of Affirmative Defenses

In their answer and according to the Pretrial Conference Order, defendants raise the affirmative defenses of waiver, acquiescence and estoppel; laches; failure to mitigate; unclean hands; acts of plaintiff; actions of others; lack of standing; and FDA authority. Pretrial Conference Ord. at 19–20. Hope argues that several of these "affirmative defenses" are not affirmative defenses at all, and that the remainder are equitable in nature. Mot. at 8. Defendants appear to argue that, even if their affirmative defenses are equitable, that does not forfeit their right to a jury trial on the legal claims at issue. Opp. at 11.

"A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996). But not all defenses are affirmative defenses. "[A] defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a *prima facie* case for recovery under the applicable law." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005). A defense that "directly attacks the merits of the plaintiff's case," though, is not an affirmative defense. Id.

Waiver, acquiescence and estoppel; laches; and unclean hands are equitable defenses. See Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996) ("[T]he defense of equitable estoppel . . . is equitable in nature . . . ."); Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc., 621 F.3d 981, 986 (9th Cir. 2010) (acquiescence is "equitable doctrine"); California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 671 (9th Cir. 2004) (characterizing waiver and estoppel as "equitable defenses"); Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001) ("[T]here is no right to a jury on the equitable defense of laches." (citation omitted)); Metal Jeans, Inc. v. Metal Sport, Inc., 987 F.3d 1242, 1244 (9th Cir. 2021) ("The doctrine of unclean hands arises in equity.").

The remaining defenses listed by defendants are not affirmative defenses. For instance, failure to mitigate and lack of standing are not affirmative defenses. 578539 B.C., Ltd. v. Kortz, No. CV 14-04375-MMM-MANx, 2014 WL 12572679, at *8 (C.D. Cal. Oct. 16, 2014) (failure to mitigate not an affirmative defense); Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (lack of standing not an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS-PLAx | Date | July 12, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

affirmative defense). And "acts of plaintiff" and "actions of others" are not affirmative defenses because they attack the merits of Hope's case, namely by arguing that Hope is not entitled to, and defendants are not responsible for, the full amount of relief requested. Finally, by listing "FDA authority" as a defense, defendants appear to invoke FDCA preemption. Answer at 32–33. But the question of preemption is a question of law left to the Court, and the Court has rejected this argument. Dkt. 225 at 25–26, 42.

Accordingly, neither the claims alleged nor the affirmative defenses raised give rise to a Seventh Amendment right to a jury trial.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to strike defendants' jury demand, and **STRIKES** the jury demand. Any trial in this case will be tried to the Court.

IT IS SO ORDERED.

| | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |