UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG/DEREK DAVIS | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:

Joseph Akrotirianakis

Attorneys Present for Defendants:

Ellen Robbins

Lawrence Silverman

Sherylle Francis

**Proceedings:** DEFENDANTS' MOTION FOR A STAY PENDING APPEAL (Dkt. 347, filed on July 2, 2021)

## I. INTRODUCTION

Before the Court is defendants' motion for a stay pending appeal, filed on July 2, 2021. Dkt. 347 ("Mot."). Plaintiff opposed on July 12, 2021, dkt. 351 ("Opp."), and defendants replied on July 19, 2021, dkt. 364 ("Reply"). The Court held a hearing on August 2, 2021. The case is set to be tried to the Court on August 24, 2021.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The Court previously set out the factual and procedural background of this case in its prior orders. For that reason, the Court sets forth only those facts necessary to resolve defendants' present motion.

On September 6, 2019, plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope") filed suit in this Court against defendants Fagron Compounding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Services, LLC, JCB Laboratories, LLC, AnazaoHealth Corporation, and Coast Quality Pharmacy, LLC (collectively, "defendants"). Dkt. 1. Hope's allegations involve defendants' compounded sodium thiosulfate drug, which is identical to Hope's Sodium Thiosulfate Injection, except that it does not contain potassium. Defendants compound their drug in one compounding pharmacy operated pursuant to Section 503A of the Food, Drug and Cosmetics Act ("FDCA"), 21 U.S.C. § 353a ("Section 503A"); and two outsourcing facilities operated pursuant to Section 503B of the FDCA, 21 U.S.C. § 353b ("Section 503B"). Defendants sell their compounded sodium thiosulfate drug nation-wide, including into the five states at issue here: California, Florida, Tennessee, South Carolina, and Connecticut.

Hope filed the operative first amended complaint on November 12, 2019. Dkt. 47 ("FAC"). The FAC asserts claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.* ("FDUTPA"); (3) violation of Tennessee's Consumer Protection Act, Tenn. Code Ann. § 47-18-104 ("TCPA"); (4) violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 ("SCUTPA"); and (5) violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"). See generally FAC.

Hope's unfair competition claims are based on its allegation that defendants' practices violate both Section 503A and 503B of the FDCA. Importantly, Hope argues that these violations also violate state-law parallels to the FDCA, namely: (1) California's Sherman Food, Drug and Cosmetic Law, Cal. Health & Safety Code § 111550 ("Sherman Law"); (2) Florida's Drug and Cosmetic Act, Fla. Stat. Ann. § 499.001, *et seq.*; (3) Tennessee's Food, Drug and Cosmetic Act, Tenn. Code Ann. § 53-1-101, *et seq.*; (4) South

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Carolina's Drug Act, S.C. Code Ann. § 39-23-70; and (5) the Connecticut Food, Drug and Cosmetic Act, Conn. Gen. Stat. § 21a-91, *et seq.*[1]

### A. Preliminary Injunction

Hope filed a motion for a preliminary injunction on June 1, 2020, dkt. 105, which the Court granted in part on July 7, 2020, dkt. 141 ("PI Ord."). In granting Hope's motion, the Court rejected defendants' argument that the FDCA impliedly preempted Hope's unfair competition claims. Id. at 23. The Court noted that the "unlawful" or "unfair" acts underlying Hope's unfair competition claims were not simply alleged violations of the FDCA itself, but rather were alleged violations of state laws that incorporated provisions of the FDCA, such as California's Sherman Law. Id. at 24. For instance, the Sherman Law incorporates the FDCA by providing that "[n]o person shall sell . . . any new drug" unless "a new drug application has been approved for it . . . under Section 505 of the [FDCA, 21 U.S.C. § 355]," or "[t]he [California Health Department] has approved a new drug application for that new drug . . . ." Cal. Health & Safety Code § 111550(a)–(b). Ultimately, the Court concluded that "it appears that the FDCA does not preempt state-law, consumer protection claims based on alleged violations of the FDCA where there is a parallel state law that renders the same noncompliant conduct independently unlawful." PI Ord. at 23 (citing Farm Raised Salmon Cases, 42 Cal. 4th 1077, 1091 n.13, 1094 (2008)).

In reaching this conclusion, the Court found persuasive the Federal Circuit Court of Appeal's reasoning in Allergan, Inc. v. Athena Cosmetics, Inc., 738 F.3d 1350 (Fed. Cir. 2013). There, Allergan sold an FDA-approved prescription drug used to treat a condition that affects eyelash growth, while Athena sold a product that contained the same active ingredient but that did not have FDA-approval. Id. at 1353. Allergan brought suit and asserted, among other things, a UCL claim premised on Athena's alleged violation of the Sherman Law as the predicate "unlawful" act. Id. Athena argued that the FDCA impliedly

---

[1] Although Hope's FAC does not identify the Connecticut Food, Drug and Cosmetic Act, the Pretrial Conference Order identifies defendants' alleged violation of the statute as an element of Hope's CUTPA claim. Dkt. 345-1 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

preempted Allergan's UCL claim, citing to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001). Allergan, 738 F.3d at 1355–56. (In Buckman, the Supreme Court held that the FDCA impliedly preempted the plaintiffs' state-law, "fraud-on-the-FDA" claims because they conflicted with the statute. 531 U.S. at 348.)

The Federal Circuit, however, concluded that the FDCA did not impliedly preempt Allergan's UCL claim. Allergan, 738 F.3d at 1354. The Federal Circuit reasoned, first, that "'[t]he purpose of Congress is the ultimate touchstone in every pre-emption case,'" and that there was no evidence of "a clear purpose by Congress to preempt the state law claim at issue . . . ." Id. at 1355 (quoting Wyeth v. Levine, 555 U.S. 555, 565 (2009)). Furthermore, the Federal Circuit noted "'the historic primacy of state regulation of matters of health and safety,' which is precisely the [Sherman Law's] subject matter." Id. (quoting Buckman, 531 U.S. at 348). Finally, the Allergan court determined that "the [Sherman Law] is not an obstacle to realizing federal objectives. To the contrary, it contains provisions that parallel the FDCA, such that the statutes have consistent goals." Id. at 1356. Persuaded by this reasoning, the Court concluded the FDCA did not preempt Hope's claims, and issued a preliminary injunction against defendants.

In October 2020, and January 2021, after the preliminary injunction was issued in this case, a different court in the Central District of California reached a different conclusion in four cases similar to this one. See Nexus Pharm., Inc. v. U.S. Compounding, Inc., No. CV 20-07331-CJC (JDEx), dkt. 33 (C.D. Cal. Jan. 7, 2021); Nexus Pharm., Inc. v. Cent. Admixture Pharmacy Servs., Inc., No. SACV 20-01505-CJC (JDEx), 2020 WL 6555052 (C.D. Cal. Oct. 29, 2020); Nexus Pharm., Inc. v. Quva Pharma, Inc., et al., No. CV 20-07518-CJC (JDEx), 2020 WL 6498970 (C.D. Cal. Oct. 29, 2020); Nexus Pharm., Inc. v. Leiters, Inc., et al., No. CV 20-07328-CJC (JDEx), dkt. 70 (C.D. Cal. Oct. 29, 2020) (together, the "Nexus cases"). In Nexus v. Cent. Admixture, for instance, the plaintiff alleged claims under several states' unfair competition laws, including the UCL, FDUTPA and CUTPA, on the ground that the defendants' conduct violated, among other things, the "essentially a copy" requirement of Section 503B. 2020 WL 6555052, at *1. The Nexus court found that the plaintiff's claims were impliedly preempted because "Defendants' actions [were] unfair only because they purportedly violate the FDCA." Id. at *3. However, importantly, the only "unlawful" acts alleged in the Nexus plaintiff's unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

competition claims were alleged violations of the FDCA—the claims did not allege violations of the Sherman Law or equivalent state laws that incorporate provisions of the FDCA. The question of whether the FDCA preempted unfair competition claims predicated on alleged violations of state statutes that incorporate provisions of the FDCA—which is the question faced by this Court and by the court in Allergan—was therefore not squarely before the Nexus court. The Nexus cases are now on appeal before the Ninth Circuit.

### B. Motion for Reconsideration

On November 2, 2020, Hope filed a motion for summary judgment, and a motion for contempt arguing that defendants were not complying with the preliminary injunction. Dkts. 151, 153. Defendants opposed the motion for summary judgment on November 23, 2020, dkt. 178, and, the next day, filed an opposition to the motion for contempt which included a motion for reconsideration of the preliminary injunction, dkts. 173 (sealed), 183 (redacted). Defendants also filed a separate Motion for Reconsideration of Order Granting Preliminary Injunction which attached the same memorandum as was attached to their opposition to the motion for contempt. Dkts. 176, 176-1 ("Mot. for Reconsideration").

In the Motion for Reconsideration, defendants based their argument on Local Rule 7-18, and argued that the rulings in the Nexus cases and a Food and Drug Administration ("FDA") employee's declaration submitted in one of those cases constituted grounds for reconsideration. Id. at 17–19. The declaration, provided by Maria Edisa Gozun, FDA Acting Director of the Division of Compounded Drugs at the Center for Drug Evaluation and Research, stated that the FDA had not enforced Section 503B's "essentially a copy" provision against 503B outsourcing facilities which compounded drugs using an FDA-approved drug as a starting point. Dkt. 174-1 ("Gozun Decl.") ¶ 8. (By contrast, defendants here compound their sodium thiosulfate drug using bulk sodium thiosulfate.)

Defendants argued that this "emergence of new facts and law" was ground for the Court to reconsider its conclusion that the FDCA did not preempt Hope's claims. Mot. for Reconsideration at 18. However, the Court denied defendants' motion for reconsideration, concluding that the Nexus cases were distinguishable, as discussed above, and were in any event not binding on the Court. Dkt. 225 ("Jan. 25, 2021 Ord.") at 42. The Court further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

concluded that the reasoning in Allergan v. Athena remained persuasive, the Gozun declaration notwithstanding. Id.

### C. Appeal of Motion for Reconsideration

On February 12, 2021, defendants moved to certify the Court's January 25, 2021 Order for interlocutory appeal pursuant 28 U.S.C. § 1292(b), which permits a party to bring an interlocutory appeal of a non-dispositive order with the consent of both the district and appeals courts. Dkt. 227. The Court denied that motion on April 20, 2021, dkt. 260 at 9, but not before defendants, on February 23, 2021, appealed the January 25, 2021 Order pursuant to 28 U.S.C. § 1292(a)(1), which permits interlocutory appeal by right of, among other things, an order "refusing to dissolve or modify injunctions," dkt. 238 (notice of appeal); see Hope Medical Enterprises, Inc. v. Fagron Compounding Services, et al., No. 21-55165.

Hope moved the Court of Appeals to dismiss defendants' appeal. Hope Medical, No. 21-55165, dkt. 6. Hope argued defendants sought to appeal an order denying a motion for reconsideration, which is not appealable under 28 U.S.C. § 1292(a)(1), as opposed to an appeal of an order refusing to dissolve a preliminary injunction, as defendants characterize their appeal. Id., dkt. 6 at 12–13. The Ninth Circuit summarily denied Hope's motion without prejudice to Hope's renewing its arguments in its answering brief. Id., dkt. 9. On May 14, 2021, defendants filed their opening brief with the Ninth Circuit, in which they argued that the Court "abused its discretion in refusing to dissolve a preliminary injunction where significant changes in decisional law and facts" demonstrate that Hope's claims "are impliedly preempted as a matter of law." Id., dkt. 9 at 4. Briefing is now complete, see id., dkt. 25, and the appeal is being considered for oral argument in November 2021, December 2021, or January 2022, id., dkt. 27.

On July 2, 2021, defendants filed the instant motion to stay proceedings pending defendants' interlocutory appeal.

### III. LEGAL STANDARD

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Among the interests to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## IV.   DISCUSSION

### A.   Jurisdiction

As a threshold issue, defendants argue that their interlocutory appeal of the Court's January 25, 2021 Order divested the Court of jurisdiction over all issues involved in the appeal. Mot. at 4. According to defendants, since the appeal purports to challenge the Court's conclusion that the FDCA does not preempt Hope's claims, the appeal implicates all of Hope's claims and the entire case must be stayed. Id. at 4–5. Hope responds that the Court is not divested of jurisdiction because the January 25, 2021 Order—an order denying a motion to reconsider a preliminary injunction—is not appealable pursuant to Section 1292(a). Opp. at 6. Furthermore, Hope argues that the scope of appeal, even if the appeal is permissible, is limited to the question of whether the Court abused its discretion in determining that defendants' motion did not satisfy the District's local rules governing motions for reconsideration. Id. at 7. According to Hope, then, defendants' appeal does not implicate the merits of their preemption argument. Id. Finally, Hope observes that

Case 2:19-cv-07748-CAS-PLA   Document 377   Filed 08/02/21   Page 8 of 10   Page ID #:23265

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

defendants' argument that the Court was divested of jurisdiction upon the filing of their notice of appeal is inconsistent with their continued litigation of this case in this Court.  Id. at 8 n.4.

As a point of departure, it is not at all clear that defendants' appeal squarely raises the issue of preemption because, on its face, defendants' appeal is an appeal of an order denying a motion for reconsideration.  Appellate review of an order denying a motion for reconsideration of a preliminary injunction "is limited to the propriety of the denial, and does not extend to the propriety of the original injunction itself."  Gon v. First State Ins. Co., 871 F.2d 863, 866 (9th Cir. 1989).  Such an appeal would therefore not implicate Hope's claims.  Even if the Ninth Circuit treats defendants' appeal as one challenging an order refusing to dissolve an injunction, thus potentially raising the issue of preemption, that would not divest this Court of jurisdiction because no binding authority holds that Hope's claims are preempted.  And defendants cite to no authority for the proposition that a defendant has a right to interlocutory review of a court's determination that a plaintiff's claims are *not* preempted, but that is what defendants here seek to do.  Finally, defendants' own conduct in this case suggests they did not believe their appeal divested this Court of jurisdiction.  Defendants have filed, defended, and appeared before the Court to argue various motions since noticing the January 25, 2021 Order for appeal in February 2021.

Accordingly, the Court concludes that defendants' appeal of the January 25, 2021 Order has not divested this Court of jurisdiction over Hope's claims.

### B.   Whether a Stay is Warranted

Defendants argue that a stay is warranted even if the Court retains jurisdiction while their appeal is pending.  Mot. at 5.  First, defendants argue that the balance of hardships tips in favor of defendants if a stay were not granted because the preliminary injunction in place mitigates any harm to Hope, and the briefing schedule in the Ninth Circuit minimizes concerns over undue delay.  Id at 7.  Additionally, absent a stay, both parties would have to engage in continued pre-trial motion practice and preparation, as well as trial itself.  Id. at 8.  Defendants further argue that issuing a stay will serve the orderly course of justice because a Ninth Circuit ruling that Hope's claims are preempted would conserve significant judicial resources.  Id. at 9.

CV-549 (01/18)   CIVIL MINUTES - GENERAL   Page **8** of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Hope responds that it will suffer irreparable harm if a stay is not granted in large part because defendants are not complying with the preliminary injunction. Opp. at 9. Hope adds that the only harm identified by defendants is the cost of litigation, which is insufficient to stay proceedings. Id. at 10. Hope further responds that defendants' appeal, limited to the question of the Court's denial of defendants' motion for reconsideration, will not simplify or clarify Hope's claims because the question of preemption is not before the Ninth Circuit. Opp. at 11. In any event, argues Hope, the appeal will not be decided until as late as the end of 2022, which is long after the conclusion of this trial. Id.

There is no assurance that the Ninth Circuit will rule on the question of preemption. First, as stated above, it is not clear that defendants' appeal even raises the issue. Even if the appeal does raise the issue, the Ninth Circuit may nevertheless rule on other grounds entirely, such as, for instance, whether the appeal is untimely, or whether the Court abused its discretion in refusing to reconsider or dissolve the preliminary injunction. As such, a stay would not necessarily advance the orderly course of justice by simplifying issues or settling questions of law. As to the balance of hardships, defendants' argument that they will suffer the hardship of continued litigation is unavailing. See Lockyer, 398 F.3d at 1112; Salinas v. City of San Jose, No. 5:09-cv-04410 EJD, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis."). On the other hand, Hope has an interest in the timely resolution of this dispute. Although the preliminary injunction may mitigate harm to Hope, Hope nevertheless shows a "fair possibility" that a stay would result in further injury to Hope, Dependable Highway Express, 498 F.3d at 1066 (quotation omitted), particularly in light of the evidence it has set forth raising questions as to whether defendants are in compliance with the preliminary injunction, see Jan. 25, 2021 Ord. at 41 ("[R]eserv[ing] judgment until the time of trial on whether defendants' non-compliance [with the preliminary injunction] is contemptuous."). Weighing these considerations, defendants have not borne their burden of establishing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07748-CAS-PLA | Date | August 2, 2021 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

need for a stay. See Clinton, 520 U.S. at 706. Finally, granting a stay would not serve the Court's interest in efficiently managing its calendar.[2]

Accordingly, a stay is not warranted under the circumstances.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion for a stay pending appeal.

IT IS SO ORDERED.

|  | 00 : 20 |
|---|---|
| Initials of Preparer | DD |

---

[2] Defendants observe that the Nexus appeals will be resolved even sooner than the appeal here. Reply at 7. But as this Court has noted previously, see Jan. 25, 2021 Ord. at 24; dkt. 260 at 4–5, 8–9, the Nexus cases simply do not present the issue before this Court because the plaintiffs there did not allege violations of state-law parallels to the FDCA. Thus, the resolution of the Nexus appeals has very little likelihood of settling whether Hope's claims are preempted.