|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| HOPE MEDICAL ENTERPRISES, INC. D/B/A HOPE PHARMACEUTICALS, | **Case No. 2:19-cv-07748-CAS(PLAx)** |
|---|---|
|  | **FINAL JUDGMENT** |
| Plaintiff, | Trial Date:  August 24, 2021 |
| v. |              9:00 a.m. |
| FAGRON COMPOUNDING SERVICES, LLC; JCB LABORATORIES, LLC; ANAZAOHEALTH CORPORATION; COAST QUALITY PHARMACY, LLC, | Complaint Filed: September 6, 2019 |
| Defendants. |  |

The Court hereby ORDERS, ADJUDGES, and DECREES that judgment be, and hereby is, entered as follows:

1. **Judgment.** Judgment is entered in favor of plaintiff Hope Medical Enterprises Inc. d/b/a Hope Pharmaceuticals ("Hope").

2. **Declaratory Relief.** Defendants Fagron Compounding Services, LLC, JCB Laboratories, LLC, AnazaoHealth Corporation, and Coast Quality Pharmacy LLC (collectively "defendants") have violated (1) California's Unfair Competition Law, (2) Florida's Deceptive and Unfair Trade Practices Act, (3) Tennessee's Consumer Protection Act, (4) South Carolina's Unfair Trade Practices Act, and (5) Connecticut's Unfair Trade Practices Act.

3. **Permanent Injunction.** Defendants and their officers, agents, servants, employees, attorneys, and all those acting in concert with any of them, shall be permanently enjoined from directly or indirectly dispensing or distributing any compounded sodium thiosulfate product from a Section 503B outsourcing facility into California, Connecticut, Florida, South Carolina, or Tennessee, unless:

   a. defendants are provided with an individual clinic order form for the product; and

   b. the order form includes an attestation specifically indicating that defendants' compounded product, which does not contain potassium, will produce a clinical difference; and

   c. the attestation specifies why the defendants' compounded product, rather than the comparable commercially available drug product, is "medically necessary" for the specified patients to whom defendants' drug will be distributed or dispensed; and

   d. the attestation indicates that it is made or approved by the prescribing practitioners of such specified patients.

An order that only identifies the product formulation, without more information, is insufficient to comply with this injunction.

4. **Attorney's Fees and Costs.** Attorney's fees are awarded to Hope in accordance with the Court's Order dated January 14, 2022. Any application or motion by plaintiff shall be submitted in accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 54.

5. **Service of this Judgment.** This Judgment shall be deemed to have been served upon defendants when distributed through the ECF system of the United States District Court.

6. **Notice Provision.** Defendants shall be required to notify purchasers of their compounded drug that the drug is compounded under Section 503B and as such each order must be made or approved by the prescribing practitioner of specified patients and must contain a statement of clinical difference as defined in Section 503B. Some examples of clinical difference statements from the FDA Guidance on Section 503B include:

   a. "Liquid form, compounded drug will be prescribed to patients who can't swallow tablet (if the comparable drug is a tablet)";

   b. "Dilution for infusion solution to be administered to patients who need this formulation during surgery (if the comparable drug is not available at that concentration, pre-mixed with the particular diluent in an infusion bag)";

   c. "1 mg, pediatric patients need lower dose (if the comparable drug is only available in 25 mg dose)".

IT IS SO ORDERED, ADJUDGED, AND DECREED.

January 18, 2022
Dated:

*Christina A. Snyder*
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE