UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Joseph Akrotirianakis | Lawrence Silverman |
| Aaron Craig | Ellen Robbins |
| Amanda Farfel | Sherylle Francis |

**Proceedings:** HOPE'S MOTION TO AMEND PERMANENT INJUNCTION (Dkt. 438, filed on FEBRUARY 7, 2022)

## I. INTRODUCTION

On September 6, 2019, plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope") filed suit in this Court against defendants Fagron Compounding Services, LLC, JCB Laboratories, LLC, AnazaoHealth Corporation, and Coast Quality Pharmacy, LLC (collectively, "defendants"). Dkt. 1 ("Compl."). The gravamen of Hope's claims was that defendants' drug compounding practices constitute unfair competition in violation of several states' consumer protection laws.

On October 26, 2021, the Court issued its Findings of Fact and Conclusions of Law in favor of Hope. Dkt. 418 ("Findings of Fact"). On January 18, 2022, the Court entered a final judgment. Dkt. 430. Consistent with its findings, the Court issued a permanent injunction enjoining Fagron from distributing in or to California, Connecticut, Florida, South Carolina, or Tennessee ("the five states") compounded sodium thiosulfate except based on a prescribing practitioner's attestation that defendant's drug "will produce a clinical difference." Id. ¶ 3.

On January 27, 2022, the Food and Drug Administration (the "FDA") published in the Federal Register its final determination that there is "no clinical need for compounding from the bulk drug substance sodium thiosulfate to produce drug products." 87 Fed. Reg. 4240, 4249-50 (Jan. 27, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

On February 7, 2022, Hope filed a motion to amend the Court's permanent injunction under Fed. R. Civ. P. ("Rule") 59(e). Dkt. 438 ("Mot. to Amend"). On February 22, 2022, Fagron filed an opposition. Dkt. 455 ("Opp."). On February 28, 2022, Hope filed a reply. Dkt. 457 ("Reply").

On March 14, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The facts of this case are complex and lengthy. They are set forth in detail in the Court's Findings of Fact and Conclusions of Law, dkt. 418. The facts relevant to the decision on the pending motion are as follows.

In its final judgment in this case, the Court ruled that defendants violated the five states' unfair-competition statutes by selling a compounded sodium thiosulfate drug that had not received premarket approval as required by those states' health and safety laws. Findings of Fact at 22. Defendants had argued that their drug was exempt from premarket approval because they complied with the requirements for compounding in the Federal Food, Drug, and Cosmetics Act ("FDCA"). The Court held, in part, that defendants had not complied with FDCA Section 503B's prohibition on compounding a drug that is "essentially a copy" of an FDA-approved drug. Id. On January 18, 2022, the Court entered its final judgment, which included a permanent injunction prohibiting defendants from distributing compounded sodium thiosulfate drugs from or to the five states in violation of those states' laws unless defendants complied with Section 503B's "essentially a copy" limitation. Dkt. 430.

The Court did not reach a conclusion as to an alternative, additional way in which Hope argued defendants fail to comply with Section 503B. Section 503B permits the use of a bulk drug substance only (1) if that substance appears on a list "identifying bulk drug substances for which there is a clinical need" (the "Bulks List") for use by Section 503B facilities, or (2) the bulk drug substance is being used to make a drug that appears on FDA's "drug shortage list." Findings of Fact at 10. The Court did not reach a conclusion on these ground because while the FDA considered whether to place sodium thiosulfate on the Bulks List, the FDA placed sodium thiosulfate on its "Category 1" list and exercised its enforcement discretion not to take action against defendants for using the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

compounded sodium thiosulfate. Id. at 16 ¶ 58. Based on that exercise of discretion, the Court declined to decide whether defendants violated Section 503B by compounding sodium thiosulfate.

On January 27, 2022, the FDA published in the Federal Register its final decision that there is "no clinical need" to use the drug substance sodium thiosulfate. 87 Fed. Reg. at 4290-50. Accordingly, the FDA removed sodium thiosulfate from the FDA's 503B Category 1 list and determined it will not place sodium thiosulfate on the 503B Bulks List. Id.

## III.   LEGAL STANDARD

Under Rule 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). As relevant to this motion, amendment is appropriate when there is "an intervening change in the controlling law." School Dist. No. 1J, 5 F.3d at 1263.

Further, Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### IV.   DISCUSSION

Hope argues that the Court should amend its permanent injunction to prohibit defendants' Section 503B outsourcing facilities from distributing from or to the five states compounded sodium thiosulfate. Mot. to Amend at 1. Because of the change in law, Hope argues that it is now "plainly inconsistent with Section 503B for defendants to use sodium thiosulfate to produce their injectable drug, full stop—even apart from defendants' failure to comply with Section 503B's 'essentially a copy' rules." Mot. to Amend at 1. As such, Hope contends that the FDA's "no clinical need" determination is a significant change in law that justifies amending the permanent injunction.

In its Findings of Fact and Conclusions of Law, the Court did not reach a decision as to whether Fagron's compounding and distribution of sodium thiosulfate complies with Section 503B when it is not on the Bulks List or Category 1 List, because at the time the FDA had placed sodium thiosulfate on its Category 1 List, and had exercised its enforcement discretion not to require premarket approval for compounded sodium thiosulfate under limited circumstances. Rather, the Court based its decision on the fact that Fagron failed to comply with Section 503B's "essentially a copy" requirements.

The FDA's final decision, however, makes clear that Fagron's compounded drug is not exempt from premarket approval under 503B even if defendants receive a prescribing physician's "clinical difference" statement, because sodium thiosulfate is no longer on any Category 1 List, Bulks List, or drug shortage list, and the FDA's enforcement discretion policy no longer applies. Accordingly, the FDA's final decision not to place injectable sodium thiosulfate on the Bulks List counsels that the permanent injunction should be amended. Under Rule 59(e) the new ruling is "an intervening change in the controlling law." School Dist. No 1J, 5 F.3d at 1263. See e.g., Humanitarian Law Project v. U.S. Dep't of Treasury, 484 F. Supp. 2d 1099, 1103 (C.D. Cal. 2007), aff'd, 578 F.3d 1133 (9th Cir. 2009) (finding that the issuance of a new regulation after the entry of judgment can be a change in law for purposes of a motion to amend).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

Fagron appears to concede that this change in law makes any distribution of compounded sodium thiosulfate a violation of the FDA's regulations. Opp. at 4 ("Fagron intends to comply with the FDA Rule and has no plans to compound sodium thiosulfate beyond the thirty-day period absent a court order or express written permission from the FDA.").

Rather, Fagron argues that the Court should reject Hope's request to modify the permanent injunction because Hope filed its motion to amend prematurely, before the FDA's January 27, 2022 decision became effective. Opp. at 3. Fagron also argues that because the FDA's decision did not become effective until 30 days after it was published pursuant to the Administrative Procedures Act, any injunction should not be effective until February 26, 2022. 5 U.S.C. § 553(d). Hope responds that the 30 day waiting period does not apply here because the FDA's decision was a final "notice" and not a final "substantive rule" covered by the APA's waiting period. Reply at 2.

First, Hope was entitled to file its motion before the January 27, 2022 decision became effective, so long as it sought relief effective on January 27, 2022, or later. The Court further notes that the FDA stated that it would not take enforcement action against Fagron for compounding sodium thiosulfate within the first 30 days after the final regulation was issued. Opp. at 7 (The FDA's Director of the Office of Compounding Quality and Compliance Center for Drug Evaluation and Research stated that "as a practical matter the agency does not intend to take enforcement action against [Fagron] related to compounding drug products because of the use of the bulk drug substance sodium thiosulfate within the 30 days of publication of the Federal Register notice."). Further, more than 30 days have passed since the FDA's final decision was published on January 27, 2022. Accordingly, based on the FDA's enforcement discretion and § 553(d), the Court finds it appropriate for the modified permanent injunction to take effect on February 26, 2022, 30 days after the FDA's decision was published.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-07748-CAS (PLAx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | HOPE MEDICAL ENTERPRISES, INC. v. FAGRON COMPOUNDING SERVICES, LLC ET AL. | | |

### V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Hope's motion to amend the permanent injunction under Rule 59(e).

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |